UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRANT C. BONSER, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-cv-4889 |
| CAZADOR, LLC f/k/a | ) |
| CAZADOR APPAREL, an Alaska | ) Judge John W. Darrah |
| limited liability company; | ) |
| AKIMA, LLC f/k/a QIVLIQ LLC, an | ) |
| Alaska limited liability company; and | ) |
| AFFIGENT, LLC f/k/a | ) |
| TKC INTERGRATION SERVICES, | ) |
| LLC, an Alaska limited liability company, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff and Counter-Defendant Grant Bonser filed an amended complaint in the Circuit Court for the Nineteenth Judicial Circuit in Lake County, Illinois, on May 11, 2012, against Defendants and Counter-Plaintiffs Cazador, LLC; Akima, LLC; and Affigent, LLC. Plaintiff alleges six causes of action against Defendants for unpaid sales commissions and bonuses during his employment with Cazador. (First Am. Compl. ¶ 6.)

On June 20, 2012, Defendants collectively removed the case to this Court, pursuant to 28 U.S.C §§ 1441, 1332. (Notice of Removal at 2.) Defendants filed a joint Answer and Counterclaim on June 27, 2012. Defendants' counterclaim alleges Bonser tortiously interfered with Defendants' business relationships. (Countercl. ¶ 30.) Bonser moves to dismiss Defendants' Counterclaim, arguing that: (1) Defendants failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) because Defendants failed to allege that

1

Bonser had entered into any restrictive covenants; (2) Defendants failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because Defendants failed to allege that Bonser improperly interfered with Cazador's business relationships; and (3) Defendants failed to meet the notice pleading requirements under Fed. R. Civ. P. 8(a).  (Mot. at 2.)

**BACKGROUND**

Complete diversity jurisdiction exists over this matter, as all Defendants are incorporated in Alaska with principal places of business in Virginia; Bonser is a resident of Illinois; and the amount in controversy exceeds $75,000.  (First Am. Compl. ¶¶ 1-4.)  Supplemental jurisdiction exists over Defendants' Counterclaim pursuant to 28 U.S.C. § 1367, and venue is proper pursuant to 28 U.S.C. § 1391.

It is undisputed in this case that Bonser worked for Defendant Affigent, LLC, in or around October 2005 to approximately June 2011.  (First Am. Compl. ¶ 1.)  In 2008, Bonser left Affigent and entered employment with Defendants Akima and Cazador.  (First Am. Compl. ¶ 10, Countercl. ¶ 8.)  Bonser was tasked with creating a sales team to sell furniture and assist companies moving into unfurnished office buildings.  (First Am. Compl. ¶ 10.)  Cazador serves private and government clients within the field of furniture, fixtures and equipment ("FF&E") and initial outfitting and related services ("IO&T") to furnish workspaces for business use.  (Countercl. ¶ 7.)  Bonser alleges that his team was successful in executing many sales contracts and transactions through the date that Bonser terminated his employment with Defendants, on or around June 1, 2011.  (First Am. Compl. ¶¶ 11, 22.)

According to Defendants' Counterclaim, after Bonser terminated his employment with Cazador, he began working at Strategic Initial Outfitting Transition Solutions, LLC ("SIOTS")

2

as a General Manager. (Countercl. ¶ 18.) Defendants claim that SIOTS is a direct competitor of Cazador and that during the course of Bonser's employment at SIOTS, Bonser disclosed Cazador's confidential information for SIOTS's benefit. (Countercl. ¶¶ 18-20.) Specifically, Defendants allege that Bonser disclosed and used confidential information regarding customer pricing, specification information, and information regarding Cazador's sales employees. (Countercl. ¶¶ 20, 21, 24.) Defendants also allege that Bonser disparaged Cazador's reputation to members of the FF&E and IO&T community, as well as to Cazador's customers. (Countercl. ¶ 22.) Defendants further allege Cazador has suffered harm as a result of Bonser's actions, including loss of business opportunities, loss of key sales employees, loss of customer goodwill, and harm to Cazador's overall reputation. (Countercl. ¶ 23.)

## LEGAL STANDARD

At the motion to dismiss stage, the court must accept all of the factual allegations contained in the complaint as true. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*Pardus*). Furthermore, the complaint must meet the federal notice pleading standards pursuant to Fed. R. Civ. P. 8(a). Under this rule, a pleading states a claim for relief when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This statement must "give the defendant fair notice of what the claim is and the grounds upon which its rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*Twombly*) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Iqbal*) (internal citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). At the pleading stage, the allegations contained in the complaint must create a plausible scenario upon which the complainant is entitled to relief. *Twombly*, 550 U.S. at 553, 556.

As this case is based upon diversity jurisdiction, Illinois law is applicable. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

**ANALYSIS**

In Illinois, the elements of a claim of tortious interference with a business relationship or expectancy are: (1) the plaintiff reasonably expected to enter into a business relationship; (2) the defendant was aware of the plaintiff's expectation; (3) the defendant purposefully prevented the plaintiff's business relationship from developing; and (4) the plaintiff has suffered harm as a result of the defendant's interference. *Botvinick v. Rush Univ. Med. Ctr.*, 574 F.3d 414, 417 (7th Cir. 2009).

Bonser first argues that Defendants failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because Defendants failed to properly allege the first element of tortious interference with business relations: Cazador's expectancy to enter into or continue business relationships. (Mot. at 2.) However, Defendants have sufficiently pled this element. Defendants alleged, "Because customer relationships and knowledge of customer needs is such a primary part of Cazador's business, Cazador devotes substantial resources to developing its customer relationships and to training its sales personnel to build, cultivate, and nurture these relationships." (Countercl. ¶ 10.) Contrary to Bonser's argument, Defendants are not required, at this stage, to allege specifically *which* relationships were expected to continue. *See*

4

*Del Monte Fresh Produce, N.A., Inc. v. Kinnavy*, No. 07-cv-5902, 2010 WL 1172565, at *6 (N.D. Ill. Mar. 22, 2010) ("[P]laintiffs need not identify a specific third party or class of third parties in a complaint for intentional interference with prospective economic advantage."); *CardioNet, Inc. v. LifeWatch Corp.*, No. 07-cv-6625, 2008 WL 567031, at *3 (N.D. Ill. Feb. 27, 2008) (holding that acts forming the basis of a tortious-interference claim may be directed at a *prospective* class of targeted third-party consumers). Defendants have alleged that they have valued customers, as well as prospective customers, within the FF&E and IO&T fields. Defendants also allege that they have invested substantial resources to train their sales personnel. These allegations are sufficient to meet the pleading standards, as they give Bonser adequate notice of with which relationships Bonser has allegedly interfered.

Bonser next argues Defendants have failed to state a claim under Fed. R. Civ. P. 12(b)(6) because Defendants failed to sufficiently allege that Bonser's interference was improper. (Mot. at 2.) Defendants argue they do not need to plead that Bonser's interference was improper at this stage in the proceedings. (Resp. at 6.) Instead, Defendants argue that when "a complaint does not so clearly reveal the existence of [the] affirmative defense" of lawful competition, Defendants need not plead malice or improper conduct. (*Id.* at 6-7.)

State and federal courts reciting the elements for tortious interference with business relations under Illinois law have often required the interference to be unjustified. *See, e.g.*, *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 406 (1996). *See also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 508 (7th Cir. 2007) (*Borsellino*); *F:A J Kikson v. Underwriters Laboratories, Inc.*, 492 F.3d 794, 800 (7th Cir. 2007); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 667 (7th Cir. 2007); *Evans v. City of Chicago*, 434 F.3d 916, 929 (7th Cir. 2006);

*Burrell v. City of Mattoon*, 378 F.3d 642, 652 (7th Cir. 2004); *Medline Indus. Inc. v. Maersk Med. Ltd.*, 230 F.Supp.2d 857, 870 (N.D. Ill. 2002).

However, some courts interpreting Illinois law have also frequently recited elements of tortious interference and have *not* included a requirement that the intentional act be unjustifiable. *See, e.g.*, *Redd v. Nolan*, 663 F.3d 287, 291 (7th Cir. 2011); *Ali v. Shaw*, 481 F.3d 942, 944 (7th Cir. 2007); *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005); *Kempner Mobile Electronics, Inc. v. Sw. Bell Mobile Sys.*, 428 F.3d 706, 716 (7th Cir. 2005); *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 171 (7th Cir. 1993) (*Delloma*); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 712 (N.D. Ill. 2006).

There are few cases which have addressed this requirement of an *unjustified*, intentional act with any particularity. The courts which have addressed this issue have typically required the claimant to plead unjustifiable interference. *See, e.g.*, *Hukic v. Aurora Loan Services*, 588 F.3d 420, 433 (7th Cir. 2009) ("A tortious interference with prospective economic advantage claim requires, among other things, an intentional and unjustified interference by the defendant.") *See also Borsellino*, 477 F.3d at 508 (discussing Illinois Supreme Court case requiring tortious interference to be unjustified); *Atanus v. American Airlines, Inc.*, 932 N.E.2d 1044 (Ill. App. Ct. 1st Dist. 2010) (holding that the claimant must establish facts alleging improper interference); *Fid. Nat. Title Ins. Co. of New York v. Westhaven Properties P'ship*, 386 Ill.App.3d 201, 219, 898 N.E.2d 1051, 1067 (2007) ("[P]laintiff must show 'purposeful' or 'intentional' interference, which refers to some impropriety committed by the defendant in interfering with plaintiff's business expectancy"). *See also*, Restatement (Second) of Torts § 766B (1979) ("In order for the actor to be held liable, this Section [Intentional Interference With Prospective Contractual Relation] requires that his interference be improper.").

6

The Illinois Supreme Court has also considered this issue. In *Fellhauer v. City of Geneva*, the court held that a plaintiff must allege unjustifiable tortious interference if the defendant relied on a privilege in his interference. *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 511-513 (1991) (*Fellhauer*) (upholding a dismissal of a complaint where plaintiff failed to specify the manner in which defendant's alleged conduct was improper or unjustified). In a subsequent tortious interference case seven years later, the Illinois Supreme Court held, "to prevail on the claim, a plaintiff must show not merely that the defendant has succeeded in ending the relationship or interfering with the expectancy, but 'purposeful interference'- that the defendant has committed some impropriety in doing so." *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 485 (1998) (*Dowd*). The court in *Dowd* did not contemplate the affirmative defense of privilege when it determined that a plaintiff must plead *improper* interference. *See also Russian Media Group, LLC v. Cable America, Inc.*, 598 F.3d 302, 308 n.3 (7th Cir. 2010) (citing to *Dowd* and noting that the common-law tort of tortious interference with business relationships requires a showing of wrongful means or impropriety).

The extensive case law requiring a pleading of *unjustified* interference is persuasive. Therefore, Defendants must have alleged that Bonser's disclosure of confidential information to SIOTS was improper or unjustifiable. Defendants have failed to meet this requirement. Defendants' Counterclaim merely states that Bonser interfered with Cazador's business relationships. (Countercl. ¶ 30.) However, Defendants have failed to provide a legal basis for why Bonser's alleged disclosures of company information was unjustified or improper. Defendants do not point to a statute or agreement which would render Bonser's conduct improper. Defendants *do* allege that Bonser was subject to "various employment policies" which prohibited him from disclosing company secrets, pricing policies, customer information,

7

and other company proprietary information. (Resp. at 4.) Defendants quote from what is presumably the policy language in the Counterclaim; however, Defendants failed to identify where the language was stated or if it was in an agreement entered into with Bonser. (Countercl. ¶¶ 14-15.) Defendants further failed to allege whether these unidentified policies were restrictive covenants, confidentiality contracts, non-solicitation agreements, or some other agreements. Defendants also fail to allege whether such an agreement was in force at the time of the alleged disclosures. Without this basic information to allege a claim of unjustified or improper interference, Defendants fail to properly state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants/Counter-Plaintiffs argue that in cases where a court has required the plaintiff to plead improper or unjustifiable interference, the defendant's act was part of the privilege of competition, and that the existence of that privilege required the plaintiff to plead unjustifiable interference. (Resp. at 6.) There are cases that have required pleading unjustifiable interference only in circumstances where the defendant's conduct was privileged. *See, e.g.*, *Delloma*, 996 F.2d at 170 ("In Illinois, a plaintiff claiming tortious interference with a prospective economic relationship must allege malice only if the defendant's actions were privileged.") However, the majority of recent cases discussed above require pleading improper interference in the Complaint, regardless of whether the defendant could plead privilege as an affirmative defense. Therefore, because Defendants did not adequately allege claims of *improper* interference in the Counterclaim, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

## CONCLUSION

Based on the analysis provided above, Bonser's Motion to Dismiss is granted, and Defendants' Counterclaim is dismissed without prejudice.

Date: November 28, 2012

JOHN W. DARRAH
United States District Court Judge